■ Edmund Alleyne, an Infant, by His Mother and Natural Guardian Pamela Alleyne, et al., Plaintiffs, v City of New York, Defendant and Third-Party Plaintiff-Respondent. Gotham Building Maintenance Corp. et al., Third-Party Defendants; Blue Chip Contracting Ltd., Third-Party Defendant-Appellant. (Action No. 1.) Ophilia Alleyne, an Infant, by Her Mother and Natural Guardian, Pamela Alleyne, et al., Plaintiffs, v City of New York, Defendant and Third-Party Plaintiff-Respondent. Gotham Building Maintenance Corp., et al., Third-Party Defendants; Blue Chip Contracting Ltd., Third-Party Defendant-Appellant. (Action No. 2.) [665 NYS2d 572] —In two actions to recover damages for personal injuries, etc., the second third-party defendant Blue Chip Contracting Ltd. appeals from an order of the Supreme Court, Kings County (Hutcherson, J.), dated June 24, 1996, which denied its motion for summary judgment dismissing the second third-party complaints in Action No. 1 and Action No. 2 insofar as asserted against it.

Ordered that the order is affirmed, with costs.

These actions were brought on behalf of the infant plaintiffs for personal injuries allegedly resulting from lead poisoning incurred while they resided in an apartment owned by the City of New York. The City subsequently commenced, *inter alia,* second third-party actions against, among others, the appellant Blue Chip Contracting Ltd., which had been hired by the City to remove lead paint violations in the plaintiffs' apartment.

The Supreme Court properly denied the appellant's motion for summary judgment inasmuch as the City has raised triable issues of fact as to whether the appellant properly removed the lead paint violations, and, if not, whether its failure to do so contributed to the continuation of the allegedly hazardous conditions (*see,* CPLR 3212 [b]). Rosenblatt, J. P., Ritter, McGinity and Luciano, JJ., concur.